**UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

CIVIL ACTION NO. 1:17-cv-02461-CMA-STV

INSPIRE COMMERCE, INC.,

    Plaintiff,

v.

ENVISTA INTERACTIVE SOLUTIONS, LLC d/b/a ENSPIRE COMMERCE,

    Defendant.

---

**DEFENDANT ENVISTA INTERACTIVE SOLUTIONS, LLC'S
MOTION FOR ENTRY OF STAY OF DISCOVERY**

---

Defendant enVista Interactive Solutions LLC d/b/a Enspire Commerce ("EIS") files its Motion for Entry of Stay of Discovery (the "Motion") and shows the Court as follows:

**CERTIFICATE OF CONFERRAL**

Pursuant to D.C.COLO.LCivR 7.1(a) and CMA Civ. Practice Standard 7.1D, counsel for the parties have conferred regarding this Motion, including by emails exchanged between EIS's counsel and Plaintiff Inspire Commerce, Inc.'s ("Plaintiff") counsel on December 13, 2017, and December 15, 2017. However, Plaintiff has indicated that it will oppose this Motion.

1

**INTRODUCTION**

In its contemporaneously-filed motion to dismiss, EIS seeks the dismissal of Plaintiff's claims for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). Accordingly, EIS respectfully requests a stay of discovery in this case until after the Court determines whether any personal jurisdiction exists over EIS in this Court related to Plaintiff's claims. Such stays of discovery are routinely granted in this District pending rulings on motions to dismiss for lack of personal jurisdiction. Moreover, such a stay would conserve judicial resources and avoid placing an undue burden on EIS that might otherwise result from immediate discovery prior to the Court's consideration of EIS's motion to dismiss. EIS therefore respectfully asks that the Court grant this Motion.

**FACTUAL AND PROCEDURAL BACKGROUND**

On October 13, 2017, Plaintiff filed its Complaint in this case. In its Complaint, Plaintiff asserts claims against EIS arising from the use of EIS's federally-registered "enSpire Commerce" trademark. (*See* Comp., Counts I-VII.) In response to the allegations in the Complaint, EIS contemporaneously has filed its Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) (the "Motion to Dismiss").

**ARGUMENT AND CITATION TO AUTHORITY**

I. **Standard of Review.**

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Classen v. Nat'l Bd. of Osteopathic Med.*

*Examiners, Inc.*, 2017 U.S. Dist. LEXIS 174122 at *1-2 (D. Col. Jan. 12, 2017); *see also Morrill v. Stefani*, 2017 U.S. Dist. LEXIS 50161 at *2 (D. Col. Mar. 13, 2017).

"When exercising its discretion, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interest of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery." *Job Store, Inc. v. Job Store of Loveland, Ohio, LLC*, 2016 U.S. Dist. LEXIS 30086 at *3 (D. Col. Mar. 9, 2016) (citing *String Cheese Incident, LLC v. Stylus Shows, Inc.*, 2006 U.S. Dist. LEXIS 97388 at *2 (D. Col. Mar. 30, 2006)).

**II.     A Stay Of Discovery Should Be Entered In This Case.**

"A motion to stay discovery pending determination of a dispositive motion is an appropriate exercise of this court's discretion." *Sea Eagle Ford, LLC v. Tex. Quality Well Serv., LLC*, 2017 U.S. Dist. LEXIS 189771 at *2 (D. Col. Nov. 16, 2017) (citation omitted). "The determination of jurisdiction and venue are threshold questions of law which must be decided before the case can move forward." *Classen*, 2017 U.S. Dist. LEXIS 174122 at *3. Accordingly, courts "have routinely recognized that discovery may be inappropriate where the court's jurisdiction is at issue." *Morrill*, 2017 U.S. Dist. LEXIS 50161 at *2-3 (citations omitted); *see also Sea Eagle Ford, LLC*, 2017 U.S. Dist. LEXIS 189771 at *3 (citations omitted).

Because the Court must determine whether it lacks personal jurisdiction over EIS, a stay of discovery would be an appropriate exercise of the Court's discretion in this case. An application of the *String Cheese Incident* factors to this case further supports such a stay.

Although Plaintiff may contend that it has an interest in proceeding with discovery despite EIS's Motion to Dismiss, Plaintiff's allegations involve conduct by EIS purportedly occurring over four years ago. (*See, e.g.*, Complaint, ¶ 21, Count IV.) Plaintiff further has not filed any motion seeking preliminary injunctive relief in this case. In short, Plaintiff will not suffer any significant prejudice from a reasonable delay of discovery in this case. *See, e.g., Hay v. Family Tree, Inc.*, 2017 U.S. Dist. LEXIS 87033 at *3 (D. Col. June 6, 2017) ("claims based on events that occurred in 2014" did not weigh against imposition of a stay).

In contrast, EIS would suffer a significant burden if discovery were to proceed in this case. Specifically, EIS would be forced to bear the burden of discovery in a jurisdiction in which EIS does not conduct business or have any offices, only to have the case dismissed because the Court lacked any personal jurisdiction over EIS in the first instance. Such an undue burden should not be placed on EIS, at least until after the Court decides the Motion to Dismiss. *See Sea Eagle Ford, LLC*, 2017 U.S. Dist. LEXIS 189771 at *4 (Plaintiff's interest "is overcome by the burden Defendant might face if it were forced to proceed with discovery only to have the case dismissed for lack of jurisdiction"); *Hay*, 2017 U.S. Dist. LEXIS 87033 at *3-4; *Morrill*, 2017 U.S. Dist. LEXIS 50161 at *3; *Job Store, Inc.*, 2016 U.S. Dist. LEXIS 30086 at *4-5.

A stay of discovery similarly would convenience the Court by avoiding the potential waste of judicial resources in managing this case through discovery. *See Sea Eagle Ford, LLC*, 2017 U.S. Dist. LEXIS 189771 at *5 ("The court finds its own convenience also favors a stay, as any inconvenience in rescheduling the docket is outweighed by the potential waste of judicial resources if discovery were to proceed in the absence of jurisdiction.") (citation omitted); *Hay*, 2017 U.S. Dist. LEXIS 87033 at *4 ("it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed") (citation omitted); *Morrill*, 2017 U.S. Dist. LEXIS 50161 at *4; *Job Store, Inc.*, 2016 U.S. Dist. LEXIS 30086 at *5 ("Defendants are correct that proceeding will be wasteful if the District Judge grants the Motion to Dismiss.").

As for the remaining *String Cheese Incident* factors, there are no known nonparties with any particular or urgent interest in proceeding with discovery in this case. Similarly, this case does not involve any public interest that would require the Court to proceed with discovery in this case. Neither of the two remaining *String Cheese Incident* factors therefore weigh against granting this Motion.

## **CONCLUSION**

For all of the foregoing reasons, EIS respectfully requests that the Court grant its Motion and enter a stay of discovery in this case until after the Court enters an order regarding EIS's Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(2).

Respectfully submitted this the 18th day of December, 2017.

                                FISHERBROYLES, LLP

                                s/Frank C. Porada
                                **Frank C. Porada**
                                1400 16th Street, Suite 400
                                Denver, Colorado 80202
                                Telephone: 303-808-4706
                                frank.porada@fisherbroyles.com

                                **Vincent Bushnell**
                                1200 Abernathy Road
                                Building 600, Suite 1700
                                Atlanta, Georgia 30328
                                Telephone: 678-902-7190
                                vincent.bushnell@fisherbroyles.com


                                *Attorneys for Defendant enVista Interactive Solutions, LLC d/b/a Enspire Commerce*

# CERTIFICATE OF SERVICE

I hereby certify that on December 18, 2017, I caused the foregoing document to be filed with the Clerk of Court using the CM/ECF system, which automatically will send electronic mail notification to the following attorneys of record:

Robert R. Brunelli
John C. Heuton
Caroline E. Bryce
Sheridan Ross P.C.
rburnelli@sheridanross.com
jheuton@sheridanross.com
cbryce@sheridanross.com

                                          s/Frank C. Porada
                                          **Frank C. Porada**